IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO. 06-03821

EMILIO OCASIO ACOSTA; LIDUVINA           :
ROSARIO ORTIZ                            :        CHAPTER 13

      Debtors                            :
_____          :

EMILIO OCASIO ACOSTA; LIDUVINA           :
ROSARIO ORTIZ                            :        ADVERSARY NO. 10-00081

      Plaintiffs                         :

vs.                                      :

COMMONWEALTH OF PUERTO RICO;             :
PUERTO RICO DEPARTMENT OF                :
HOUSING; HON. YESEF Y. CORDERO;          :
JOHN DOE; XYZ CORPORATION                :

      Defendants                         :
_____          :

OPINION AND ORDER

This adversary proceeding is before the court upon the motion to dismiss filed on August 20, 2010 by the Department of Housing of the Commonwealth of Puerto Rico (hereinafter referred to as "Defendant" or "Housing Department") based on two (2) alleged reasons: (1) for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (2) the claims against the Housing Department are barred by an alleged executive order issued on February 12, 2010 by the Governor of the Commonwealth of Puerto Rico, Hon. Luis G. Fortuño granting jurisdiction of the Home Programs to the Puerto Rico Housing Financing Authority ("PRHFA") effective as of July 1, 2010 (Docket No. 12). Plaintiffs filed their reply to the Housing Department's motion to dismiss on September 13, 2010 (Docket No. 16). On September 24, 2010 a status conference was held regarding the Housing Department's motion to dismiss by which the court granted Defendant ten (10) days to file a copy of the executive order referenced in its motion to dismiss (Docket No. 21). As of this date, Defendant has not filed with the court the above referenced executive order.

Defendant in its motion to dismiss summarizes the following facts from Plaintiffs' complaint:

(i) "[o]n or about the date of October 11, 2009, the PRDH thru its Home Program contracted with Mr. Carlos Rafael Graziani Alfaro and Mrs. Ana M. Alvarado Rivera ("Graziani") the rehabilitation of housing units located in a building in Juncos, Puerto Rico ("The Project"). [...] At the time of the signing of the contract, Graziani were owners of the building and the project name was Apartamentos Graziani;" (ii) "[p]rior to the signature of the before mentioned agreement Graziani had contracted with Sun Construction Group, Inc. the improvements to an existing structure for residential units;" (iii) "[t]he project was financed by FirstBank of Puerto Rico and the PRDH because the building was to be destined for public and/or low cost and/or subsidized housing. To this extent, PRDH assigned federal funds specifically set aside for the development of The Project;" (iv) "Graziani, FirstBank of Puerto Rico and PRHD all approved the certifications submitted and the work was performed and accepted. The general contractor was Sun Construction Group, Inc. who was withholding amounts of certifications paid by it;" (v) [t]o this date PRHD has yet to disburse to Sun Construction Group, Inc. the amount of $32,212.20 even though the work has been performed and The Project was delivered;" and (vi) "PRHD is contractually bound to pay the sum of $32,212.20, amounts which it withheld as it was its custom to withhold a percentage of the certification submitted" (Docket. No. 12, pgs. 10-11). Defendant in its motion to dismiss left out two (2) significant alleged facts from Plaintiffs' complaint, namely: (i) "[t]he project was contracted for the total sum of $675,000.00 and the same was to be paid as per periodic certifications which were paid after being submitted by the main contractor Sun Construction Group, Inc. and approved by the FirstBank of Puerto Rico and PRHD;" and (ii) "[o]n or about the date of October 23, 2009, Sun Construction Group, Inc. and Plaintiffs herein entered into a settlement agreement where, in order to settle controversies set forth in adversary proceeding number 08-00021 ESL, Sun Construction Group, Inc. assigned to Plaintiffs herein the equivalent amount of $28,500.00 of the amounts owed to it by PRHD." (Docket No. 1, pgs. 3-4).

*Standard for Granting a Motion to Dismiss*

Motions to dismiss for failure to state a claim upon which relief may be granted are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing

2

of a responsive pleading. A motion to dismiss a counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) is available to test a claim for relief in any pleading, including a defendant's counterclaim. See 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 at 368-369.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 173 L. Ed. 2d. 868 (2009) citing Bell Atlantic v. Twombly, 127 S. Ct. at 1974. Thus, a "complaint must plead facts 'that raise a right to relief above the speculative level'" Dixon v. Shamrock Fin. Corp., 522 F. 3d 76, 79 (1st Cir, 2008); Cook v. Gates, 528 F. 3d 42, 48 (1st Cir. 2008); Gray v. Evercore Restructuring L.L.C., 544 F. 3d 320, 324 (1st Cir. 2008); Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008); Perez Acevedo v. Rivero-Cubano at 29; Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F. 3d 315, 320 (1st Cir. 2008); Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F. 3d 17 (1st Cir. 2009). "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

After carefully reviewing the alleged facts of the complaint, this court concludes that the same pleads facts that certainly "raise a right to relief above the speculative level" and that are far from being considered "conclusory allegations." Moreover, this court notes that Plaintiffs in their complaint attached various exhibits such as copy of the Second Amendment of Home Program Grant Agreement for Rehabilitation between the Housing Department and Graziani and copy of the nine (9) certifications issued by Sun Construction Group, Inc. which were allegedly accepted throughout the project (Docket No. 1, Exhibits 1 & 2). Moreover, this court is aware of the settlement agreement and request for judgment (Docket No. 42 in adversary proceeding No. 08-00021) filed on October 26, 2009 between Sun Construction Group, Inc. and Debtors and of the court order approving the same on December 8, 2009 (Docket No. 43).

For the reasons stated herein, Defendant's motion to dismiss is hereby DENIED. This court also orders Defendant to answer the complaint within fourteen (14) days of the issuance of this Order.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of October 2010.

Enrique S. Lamoutte
United States Bankruptcy Court